UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENTRAL ILLINOIS CARPENTERS HEALTH
& WELFARE TRUST FUND, Individually and
on Behalf of All Others Similarly Situated,

                    Plaintiff,

        -against-

MASONITE INTERNATIONAL
CORPORATION, HOWARD C. HECKES, and
RUSSELL T. TIEJEMA,

                  Defendants.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __4/21/2026___

26 Civ. 1052 (AT)

**ORDER APPOINTING LEAD
PLAINTIFF AND APPROVING
SELECTION OF LEAD COUNSEL**

ANALISA TORRES, District Judge:

The Court has reviewed Central Illinois Carpenters Health & Welfare Trust Fund's (the "Pension Fund") unopposed motion for appointment as lead plaintiff and approval of the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the proposed class. *See* Mot., ECF No. 11; Mem., ECF No. 12; *see also* Pension Fund Cert., ECF No. 1-1; Abla Decl., ECF No. 13. For the reasons stated below, the motion is GRANTED.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).[1] The PSLRA provides that the Court "shall adopt a presumption" that the most adequate plaintiff is the person or group of persons that: "(aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination of the [C]ourt, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). "At this stage in the litigation, one need only make a 'preliminary showing' that Rule 23's typicality and adequacy requirements have been satisfied." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011); *see also Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003) ("[A] wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." (alterations in original) (citation omitted)); *Lopez v. CTPartners Exec. Search Inc.*, No. 15 Civ. 1476, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).

The Pension Fund meets the PSLRA's requirements. *See* Mem. at 3–5. The Pension Fund's motion is timely. *See* Mem. at 3; ECF No. 13-1 (public notice dated February 6, 2026); 15 U.S.C. § 78u-4(a)(3)(A)(II). No other investor has filed a motion for appointment as lead plaintiff, and the Pension Fund represents that "[t]o the best of the Pension Fund's counsel's knowledge, there are no other plaintiffs with a larger financial interest." Mem. at 4. At this stage, it appears

---

[1] The Court is not aware of cases requiring consolidation at this time. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

to the Court that the Pension Fund's claims are typical of a class of similarly situated sellers of Masonite common stock who suffered a loss as a result of the defendants' alleged misconduct and that the Pension Fund, an institutional investor, would be an adequate class representative. *See* Mem. at 4–5.

Finally, under the PSLRA, the lead plaintiff is authorized to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Based on Robbins Geller's extensive experience in securities litigation and the firm's resources, *see* Mem. at 5–7, the Court approves the selection of Robbins Geller as lead counsel for the proposed class.

Accordingly:

1. The Pension Fund's motion is GRANTED.

2. The Pension Fud is appointed as Lead Plaintiff for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

3. The Pension Fund's selection of Robbins Geller as Lead Counsel is APPROVED under 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiff and the putative class:

   a. the briefing and argument on any and all motions;
   b. the conduct of any and all discovery proceedings including depositions;
   c. settlement negotiations;
   d. the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and delegation of work responsibilities to selected counsel as may be required;
   e. the preparation and filing of all pleadings; and
   f. the supervision of all other matters concerning the prosecution or resolution of the consolidated action.

4. All securities class actions arising out of the same facts and claims on behalf of purchasers of Masonite International Corporation securities subsequently filed in, or transferred to, this District shall be consolidated into this action. The parties shall notify the Court of any other such related action within a reasonable time of becoming aware of such related action. This order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this order, must file an application for relief from this order within ten days after the action is consolidated into this action.

2

5. Every pleading in this action, and any related action that is consolidated with this action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re MASONITE INTERNATIONAL
CORPORATION SECURITIES LITIGATION

26 Civ. 1052 (AT)
CLASS ACTION

6. Counsel in any related action that is consolidated with this action shall be bound by the organization of Plaintiffs' counsel as set forth herein.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11.

SO ORDERED.

Dated: April 21, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

3